IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

KIM MCGREGOR, JANET RICHARDSON, SHIRLEY STANBACK, and MARIA JENNIFER BRIDGEFORD,

    Plaintiffs,

v.

CC SERVICES, INC., an Illinois Corporation, d/b/a COUNTRY FINANCIAL and COUNTRY INSURANCE & FINANCIAL SERVICES

    Defendants.

No. 2:23-cv-00798

**DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CLAIMS FOR PLAINTIFFS RICHARDSON, STANBACK, AND BRIDGEFORD**

**NOTE ON MOTION CALENDAR: JUNE 23, 2023**

## I.   INTRODUCTION & REQUEST FOR RELIEF

Plaintiffs Janet Richardson, Shirley Stanback, and Maria Jennifer Bridgeford's ("Plaintiffs") claims of sex and/or race discrimination under the Washington Law Against Discrimination ("WLAD"), chapter 49.60 RCW, arise out of their services as independent contractors with Defendant CC Services, Inc ("CCSI"). *See* Dkt. No. 1 at 19-27.[1] As a condition of becoming independent contractors of CCSI, Plaintiffs agreed to resolve any disputes, claims, or controversies arising out of or relating in any way to their relationship with CCSI and its affiliates

---

[1] The only properly named defendant is CC Services, Inc. "Country Financial" and "Country Insurance & Financial Services" are not legal entities and had no employment or independent contractor relationships with any Plaintiff. *See* Defs. Notice of Removal, Dkt. No. 1; Declaration of Doug Ellerman, Dkt. No. 6; Declaration of Miranda Walker, Dkt. No. 5; Declaration of Shelli Opsal, Dkt. No. 7; and Declaration of Rachel Riddle, Dkt. No. 4.

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CLAIMS FOR PLAINTIFF RICHARDSON, STANBACK, AND BRIDGEFORD- 1
(Case No. No. 2:23-cv-00798)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

through the dispute resolution process set out in their Agent's Agreement ("Agreement"), which provides for binding arbitration of all such claims.

Plaintiffs' claims fall squarely within the arbitration provision of the Agreement. Therefore, CCSI respectfully requests that this Court compel the lawsuits of Plaintiffs Richardson, Stanback, and Bridgeford into arbitration and stay all proceedings with these lawsuits pending arbitration.[2]

## II. STATEMENT OF FACTS

### A. CCSI Regularly Engages in Transactions Involving Interstate Commerce.

COUNTRY Financial is a marketing name used by CC Services, Inc. and its family of affiliated companies that provide a variety of insurance and financial products and services. *See* Declaration of Doug Ellerman in Support of Notice of Removal ("Ellerman Decl."), Dkt. No. 6, at ¶¶ 5-6. CCSI's officers direct, control, and coordinate the corporation's activities from the headquarters in Illinois. *See id.* at ¶ 3. COUNTRY Financial representatives, such as Plaintiffs, provide insurance and financial products and services to nearly one million households and businesses within interstate commerce across 19 states. *See* Declaration of Daniel P. Crowner in Support of Motion to Compel Arbitration at ¶ 2, *citing* https://www.countryfinancial.com/en/about-us/who-we-are/our-history.html.

### B. Plaintiffs Entered into an Enforceable Arbitration Agreement.

Plaintiffs and CCSI entered into agreements in which Plaintiffs agreed "as an Agent to represent the Companies in states in which you are licenses and authorized, in accordance with the provisions of this Agreement." *See* Declaration of Rachel Riddle in Support of Notice of Removal ("Riddle Decl."), Dkt. No. 4, at CF-Richardson000022-27, CF-Stanback000022-27, Bridgeford000022-28.

---

[2] Plaintiff McGregor did not sign an arbitration agreement with CCSI, and this motion does not seek relief as to her claims.

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CLAIMS FOR PLAINTIFF RICHARDSON, STANBACK, AND BRIDGEFORD- 2
(Case No. No. 2:23-cv-00798)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

Plaintiffs also agreed to meet the Companies' expectations in selling insurance as an independent contractor in exchange for the Companies' agreement to compensate Plaintiffs in accordance with the Commission Schedule. *Id.* at CF-Richardson000023-25, CF-Stanback000023-25, CF-Bridgeford000026-28. The Agreement limits Plaintiffs' ability to sell insurance or annuities for other companies, but it does not preclude Plaintiffs from engaging in other outside employment or business opportunities. *Id.* at CF-Richardson000024, CF-Stanback000024, CF-Bridgeford000025. And the Agreement states, "You and the Companies shall be bound by the following dispute resolution process." *Id.* at CF-Richardson000026, CF-Stanback000026, CF-Bridgeford000027.

Among other things, the Agreement states, as follows:

> I. Except as specifically set forth below, the parties must arbitrate any and all disputes, claims, or controversies against each other arising out of or relating in any way to the relationship between the Agent and the Companies, this Agreement (and/or an agreement superseded by this Agreement), the termination of this Agreement, or any services provided or payments made in connection with this Agreement.

*Id.* at CF-Richardson000026, CF-Stanback000026, CF-Bridgeford000027. Under the Agreement, the "obligation to arbitrate applies to any and all claims of any types, whether arising under federal, state, or local law, including without limitation claims based on statute, regulation, ordinance, common law, or any other type of claim. This obligation is mutual, applying equally to the Agent and the Companies." *Id.* at CF-Richardson000026, CF-Stanback000026, CF-Bridgeford000027. Furthermore, "The Agent and the Companies agree that all claims must be pursued on an individual basis only. The Agent and the Companies expressly waive any right to commence or to be a party to, or to accept any recovery from any class, collective, or representative action." *Id.* at CF-Richardson000026, CF-Stanback000026, CF-Bridgeford000027.

The parties leave it to the arbitrator, and not to the courts, to decide questions of arbitrability:

> III. The arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of the Agreement, including without

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND
STAY CLAIMS FOR PLAINTIFF RICHARDSON,
STANBACK, AND BRIDGEFORD- 3
(Case No. No. 2:23-cv-00798)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

> limitation any claim that all or any part of the Agreement is void or voidable, except that any determination as to the enforceability of the class, collective, and representative action waiver shall be made solely by a court. If the prohibition on class, collective, or representative claims is held to be unlawful, then any such claims shall proceed in court and not in arbitration. The Companies expressly decline to participate in a class, collective, or representative arbitration.

*Id.* at CF-Richardson000026, CF-Stanback000026, CF-Bridgeford000027. The Agreement also includes a severability clause. *Id.* at CF-Richardson000026, CF-Stanback000026, CF-Bridgeford000027.

Plaintiffs Richardson, Stanback, and Bridgeford consented to their respective Agreements by serving as independent contractors with CCSI and signing the Agreement:

> By signing below, the Companies and the Agent agree to be bound by the terms of this Agreement as of its effective date stated on page one of this Agreement.

*Id.* at CF-Richardson000027, CF-Stanback000027, CF-Bridgeford000028. Thus, Plaintiffs bound themselves to their Agreement.

### C. Plaintiffs Sued CCSI in State Court in Violation of the Agreement.

On May 1, 2023, Plaintiffs filed their Complaint against Defendant in King County Superior Court. *See* Dkt. No. 1 at 11-27. Plaintiffs bring claims of sex discrimination under the Washington Law Against Discrimination ("WLAD"), chapter 49.60 RCW. *See* Dkt. No. 1 at 21-22. Plaintiffs Stanback and Bridgeford also bring claims of race discrimination under the WLAD. *See* Dkt. No. 1 at 21-22.

On May 26, 2023, Defendant filed a Notice of Removal on the ground of diversity jurisdiction. *See* Dkt. No. 1.

### III.  LEGAL ARGUMENT

### A. The Federal Arbitration Act Governs Plaintiffs' Agreement with Defendant, Which Covers Plaintiffs' Claims.

The FAA applies to service contracts with limited exceptions for certain transportation workers. Since the U.S. Supreme Court's seminal ruling in *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011), federal courts are limited in their discretion to disregard a valid agreement

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CLAIMS FOR PLAINTIFF RICHARDSON, STANBACK, AND BRIDGEFORD- 4
(Case No. No. 2:23-cv-00798)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

to arbitrate. *See, e.g., Ekin v. Amazon Servs., LLC,* 84 F. Supp. 3d 1172, 1174 (W.D. Wash. 2014). In *Concepcion,* the U.S. Supreme Court affirmed the binding and state law-preempting nature of the FAA's Section 2, which provides that agreements to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. "'The effect of this section is to create a body of federal substantive law of arbitrability, applicable to any arbitration agreement within the coverage of the Act.'" *Perry v. Thomas,* 482 U.S. 483, 489 (1987) (upholding arbitration agreement and compelling arbitration in employment action) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24 (1983)). The U.S. Supreme Court and the Ninth Circuit Court of Appeals have followed the precedent set by *Concepcion* and its progeny, repeatedly issuing opinions confirming that the FAA preempts state laws declaring certain arbitration agreements to be unconscionable, and thus unenforceable. *See, e.g., Ekin,* 84 F. Supp. 3d at 1175.

The FAA requires courts to compel arbitration if (1) a valid agreement to arbitrate exists, and (2) the dispute falls within the scope of that agreement. *Cox v. Ocean View Hotel Corp.,* 533 F.3d 1114, 1119 (9th Cir. 2008); *Chiron Corp. v. Ortho Diagnostic Systems, Inc.,* 207 F.3d 1126, 1130 (9th Cir. 2000). If both prongs are met, then the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration." *Chiron Corp.,* 207 F.3d at 1130 (emphasis in original); *see Dean Witter Reynolds, Inc. v. Byrd,* 470 U.S. 213, 218 (1985).

The party resisting arbitration must prove that the claims are not arbitrable. *See Green Tree Fin. Corp. v. Randolph,* 531 U.S. 79, 91-92 (2000). Courts must indulge every presumption "in favor of arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense of arbitrability." *Moses H. Cone Mem'l Hosp.,* 460 U.S. at 25.

Here, the FAA applies to Plaintiffs' claims against Defendant because the services of Plaintiffs as independent contractors with CCSI, and therefore the parties' Agreement, affects interstate commerce for the purposes of this analysis. The FAA's phrase "involving commerce"

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CLAIMS FOR PLAINTIFF RICHARDSON, STANBACK, AND BRIDGEFORD- 5
(Case No. No. 2:23-cv-00798)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

must be interpreted broadly. *Allied-Bruce Terminix Cos., Inc. v. Dobson,* 513 U.S. 265, 273-77 (1995). To meet this standard, a party to an arbitration agreement need only show that the party buys products or sells goods or services in the stream of interstate commerce. *See, e.g., Citizens Bank v. Alafabco, Inc.,* 539 U.S. 52, 56-57 (2003) (holding the requisite commerce for FAA coverage even when the individual transactions did not have a substantial effect on commerce).

And the Agreement plainly covers Plaintiffs' claims:

> I    Except as specifically set forth below, the parties must arbitrate any and all disputes, claims, or controversies against each other arising out of or relating in any way to the relationship between the Agent and the Companies, this Agreement (and/or an agreement superseded by this Agreement, the termination of this Agreement, or any services provided or payments made in connection with this Agreement. This obligation to arbitrate applies to any and all claims of any type, whether arising under federal, state, or local law, including without limitation claims based on statute, regulation ordinance, common law, or any other type of claim. This obligation is mutual, applying equally to the Agent and the Companies. The Agreement does not prohibit the filing of an administrative charge with a federal, state, or local administrative agency where applicable.

*See* Dkt. No. 4, at CF-Richardson000026, CF-Stanback000026, Bridgeford000027.

**B.    The Court Should Compel Plaintiffs' Claims into Arbitration and Stay this Action.**

Both federal and state law permit the contracting parties to change the arbitration process to suit their needs, and the courts will enforce those changes if the parties' intent to do so is expressly reflected or incorporated into their agreement. The U.S. Supreme Court has held that the parties may add portions of a state's arbitration law to the FAA's provisions or opt out of the FAA's provisions entirely. *Volt Info. Sciences, Inc. v. Bd. of Trustees of Leland Stanford Junior Univ.,* 489 U.S. 468, 478 (1989) (the FAA's principal purpose is to ensure that private agreements to arbitrate are enforced according to their terms); *First Options of Chicago, Inc. v. Kaplan,* 514 U.S. 938, 945 (1995) (same).

Here, Plaintiffs agreed to arbitrate disputes with CCSI under "the Commercial Arbitration Rules and Mediation Procedures of the American Arbitration Association ('AAA') in effect at the time any party submits claims covered by this Agreement." *Id.* at CF-Richardson000026, CF-Stanback000026, Bridgeford000027. "The FAA requires federal district courts to stay judicial

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CLAIMS FOR PLAINTIFF RICHARDSON, STANBACK, AND BRIDGEFORD- 6
(Case No. No. 2:23-cv-00798)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

proceedings and compel arbitration of claims covered by a written and enforceable arbitration agreement." *Nguyen v. Barnes & Noble Inc.,* 763 F.3d 1171, 1175 (9th Cir. 2014); *see* 9 U.S.C. § 3. This Court, therefore, should stay Plaintiffs' claims against Defendant pending the arbitration process.

**C.     The Agreement is Not Unconscionable.**

Plaintiffs cannot show that the Agreement is unconscionable. A party seeking to invalidate a contract based on unconscionability carries the burden of proving that the contract is unconscionable. *Morris v. Conifer Health Sols., LLC*, 2020 U.S. Dist. LEXIS 58780 at *11-12 (W.D. Wash., Apr. 2, 2020). Washington courts recognize two forms of unconscionability: (1) procedural conscionability and (2) substantive unconscionability. *Morris,* 2020 U.S. Dist. LEXIS 58780 at *11-12 (citing *Nelson v. McGoldrick*, 127 Wn.2d 124, 131, 896 P.2d 1258 (1995)). Procedural unconscionability focuses on oppression or surprise due to unequal bargaining power; substantive unconscionability focuses on overly harsh or one-sided results. *Kilgore v. KeyBank N.A.*, 718 F.3d 1052, 1058-59 (9th Cir. 2013); *Morris*, 2020 U.S. Dist. LEXIS 58780 at *12. Here, Plaintiffs' knowing and voluntary agreement to arbitrate cannot be invalidated based on unconscionability.

   1.     <u>The Agreement is Not Procedurally Unconscionable.</u>

The Agreement is not procedurally unconscionable because it is not oppressive or surprising. "Oppression addresses the weaker party's absence of choice and unequal bargaining power that results in 'no real negotiation.'" *Chavarria v. Ralphs Grocery Co.*, 733 F.3d 916, 922 (9th Cir. 2013). "Surprise involves the extent to which the contract clearly discloses its terms as well as the reasonable expectations of the weaker party." *Chavarria*, 733 F.3d at 922. And "Washington courts have long held that the fact that unequal bargaining power exists will not, standing alone, justify a finding of procedural unconscionability." *Zuver v. Airtouch Communications*, 153 Wn.2d 293, 305, 103 P.3d 753 (2004).

Here, the terms of the Agreement are clearly and unambiguously stated in separate and distinct sections. *Id.* at CF-Richardson000026, CF-Stanback000026, Bridgeford000027. The

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND
STAY CLAIMS FOR PLAINTIFF RICHARDSON,
STANBACK, AND BRIDGEFORD- 7
(Case No. No. 2:23-cv-00798)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

Agreement not only lays out various rules and procedures applicable to the arbitration process, but it clearly explains that disputes will be arbitrated by the American Arbitration Association ("AAA"), a nationally recognized and experienced neutral arbitration organization. "If for any reason AAA is not able to provide arbitration services, the parties agree to use JAMS, but subject to the AAA rules." *Id.* at CF-Richardson000026, CF-Stanback000026, Bridgeford000027. The Agreement also explains multiple methods for obtaining copies of AAA's rules, including: (1) obtaining a copy at no charge from AAA's website (at the web address identified in the Agreement) and/or (2) obtaining a copy from the Companies at no charge. *Id.* at CF-Richardson000026, CF-Stanback000026, Bridgeford000027.

Plaintiffs were expressly informed, "You and the Companies shall be bound by the following dispute resolution process." *Id.* at CF-Richardson000026, CF-Stanback000026, Bridgeford000027. And Plaintiffs each signed and attested that "the Companies and the Agent agree to be bound by the terms of this Agreement as of its effective date stated on page one of this Agreement." *Id.* at CF-Richardson000027, CF-Stanback000027, Bridgeford000028.

Plaintiffs were not coerced into signing the Agreement, and the terms of the Agreement are not surprising. Therefore, Plaintiffs each made a "fully informed and voluntary decision" to assent to the Agreement and to be bound by its terms. *See Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1074 (9th Cir. 2014).

While CCSI does not contest that Plaintiffs' agreement to be bound by the Agreement was a condition of their service as independent contractors with Defendant, this fact alone is not sufficient to render the agreement unconscionable. *Zuver*, 153 Wn.2d at 305 ("the key inquiry for finding procedural unconscionability is whether [Plaintiff] lacked meaningful choice"). The Agreement permits Plaintiffs to pursue outside employment or other business opportunities, except for selling insurance and annuities for other insurance companies. *Id.* at CF-Richardson000025, CF-Stanback000025, Bridgeford000026. Without some showing that Defendant refused to respond to Plaintiffs' questions or concerns, placed undue pressure on them to sign the Agreement without providing them a reasonable opportunity to consider its terms,

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CLAIMS FOR PLAINTIFF RICHARDSON, STANBACK, AND BRIDGEFORD- 8
(Case No. No. 2:23-cv-00798)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

and/or that the terms of the Agreement were set forth in such a way that an average person could not understand them, Plaintiffs cannot rely solely on a lack of bargaining power to assert that the Agreement was procedurally unconscionable. *Zuver*, 153 Wn.2d at 306-07; *see also Collins v. Diamond Pet Food Processors of Cal.*, 2013 U.S. Dist. LEXIS 60173 at *11 (E.D. Cal., Apr. 25, 2013) ("[A]n arbitration agreement 'is not rendered unenforceable just because it is required as a condition of employment or offered on a 'take-it-or-leave-it' basis.'") (citation omitted).

       2.      <u>The Agreement is Not Substantively Unconscionable.</u>

"Substantive unconscionability involves those cases where a clause or term in the contract is alleged to be one-sided or overly harsh." *Luna v. Household Fin. Corp. III*, 236 F. Supp. 2d 1166, 1177 (W.D. Wash. 2002). "'Shocking to the conscience,' 'monstrously harsh,' and 'exceedingly calloused' are terms sometimes used to define substantive unconscionability." *Luna*, 236 F. Supp. 2d at 1177 (quoting *Montgomery Ward & Co. v. Annuity Bd. of S. Baptist Convention*, 16 Wn. App. 439, 444, 556 P.2d 552 (1976)). Here, the Agreement satisfies substantive due process requirements and Plaintiffs cannot meet their burden of proving unconscionability. *Morris*, 2020 U.S. Dist. LEXIS 58780 at *11-12.

First, the Agreement does not shorten any statute of limitations period. *Id.* at CF-Richardson000026, CF-Stanback000026, Bridgeford000027. As such, the applicability of a statute of limitations period in the unconscionability analysis is a non-factor. *See Browning v. 24 Hour Fitness*, No. 05-cv-5732, 2006 U.S. Dist. LEXIS 3386, at *7 (W.D. Wash. Jan. 19, 2006).

Second, the Agreement provides that the arbitration shall be held before a single arbitrator[3] in accordance with the AAA Commercial Arbitration Rules and Mediation Procedures. *Id.* at CF-Richardson000026, CF-Stanback000026, Bridgeford000027. However, "[i]n the event that there is disagreement among the parties whether to apply the selected arbitration rules or fee structure, the Parties agree that AAA or a AAA arbitrator shall have the exclusive authority to determine which

---

[3] In a case where the damages demanded in any claim or counterclaim at the commencement of the arbitration exceed $1,000,000, then a panel of three arbitrators shall be used. *Id.* at CF-Richardson000026, CF-Stanback000026, Bridgeford000027.

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CLAIMS FOR PLAINTIFF RICHARDSON, STANBACK, AND BRIDGEFORD- 9
(Case No. No. 2:23-cv-00798)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

set of rules and fee structure shall govern the proceeding." *Id.* at CF-Richardson000026, CF-Stanback000026, Bridgeford000027.

Third, the Agreement provides, "The arbitration shall be held in Bloomington, Illinois, *unless the Agent initiates the arbitration, in which case the Agent may arbitrate in either Bloomington, Illinois or the locality where the Agent provided the majority of his or her services for the Companies*." *Id.* at CF-Richardson000026, CF-Stanback000026, Bridgeford000027 (emphasis added).

Fourth, the Agreement provides, "The arbitrator shall apply the Federal Rules of Civil Procedure (except for Rule 23) and the Federal Rules of Evidence as interpreted in the jurisdiction where the arbitration is held." *Id.* at CF-Richardson000026, CF-Stanback000026, Bridgeford000027.

Finally, the Agreement is *bilateral*, meaning that Defendant and Plaintiffs Richardson, Stanback, and Bridgeford each agreed to arbitrate their claims. *Id.* at CF-Richardson000026, CF-Stanback000026, Bridgeford000027.

Accordingly, the Agreement does not shock the conscience, is not monstrously harsh, or exceedingly calloused. *See Huang v. Wash. Mut. Bank*, 2008 U.S. Dist. LEXIS 108020 at *17-18 (W.D. Wash., Aug. 25, 2008); *see also Haisha Corp. v. Sprint Solutions, Inc.*, 2015 U.S. Dist. LEXIS 5579, at *20 (S.D. Cal. Jan. 14, 2015) ("A contract is not substantively unconscionable when it merely gives one side a greater benefit; rather, the term must be 'so one-sided as to 'shock the conscience.'") (citation omitted).

3. <u>Any Provisions Found to be Unconscionable May be Severed in the Interests of Justice.</u>

Even if any provision in the Agreement is determined to be unconscionable, such provision should be severed to prevent Plaintiffs from gaining an undeserved benefit and CCSI from suffering an undeserved detriment as a result of voiding the entire agreement. *See Gandee v. LDL Freedom Enterprises, Inc.*, 176 Wn.2d 598, 603, 293 P.3d 1197 (2013) (when a court determines that a contract provision is substantively unconscionable, the typical remedy is severance). Unless

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CLAIMS FOR PLAINTIFF RICHARDSON, STANBACK, AND BRIDGEFORD- 10
(Case No. No. 2:23-cv-00798)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

unconscionable provisions permeate the Agreement, courts are loathe to upset the terms of an agreement—especially where, as here, the Agreements contain a severability clause. *See Gandee*, 176 Wn.2d at 607.

Here, because Plaintiffs will be unable to show that the Agreement is tainted with illegality, they will be unable to prevent severance by demonstrating that the *entire* agreement is substantively unconscionable such that it is "permeated by an unlawful purpose." *See Zaborowski v. MHN Gov't Servs.*, 601 Fed. Appx. 461, 464-465 (9th Cir. Cal. 2014) (Gould, J., concurring) ("[*AT&T Mobility LLC v. Concepcion*, 563 U.S 333, 131 S. Ct. 1740, 179 L. Ed. 2d 742 (2011)] and its progeny should create a presumption in favor of severance when an arbitration agreement contains a relatively small number of unconscionable provisions that can be meaningfully severed and after severing the unconscionable provisions, the arbitration agreement can still be enforced.").

Finally, severability of any unconscionable provisions is expressly authorized by the Agreement itself. *Id.* at CF-Richardson000026, CF-Stanback000026, Bridgeford000027.

**D.    Any Questions of Arbitrability Must Be Determined by the Arbitrator.**

Even assuming, for the sake of argument, that there remains some dispute regarding the arbitrability of Plaintiffs' claims, the Agreement provides that it is the arbitrator, and not this Court, who decides questions of arbitrability:

> III.    The arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of the Agreement, including without limitation any claim that all or any part of the Agreement is void or voidable, except that any determination as to the enforceability of the class, collective, and representative action waiver shall be made solely by a court….

*Id.* at CF-Richardson000026, CF-Stanback000026, Bridgeford000027. If Plaintiffs question the applicability of the Agreement, assert unconscionability defenses, or otherwise seek to avoid the plain terms of this contract, then the Court should refer such disputes to an arbitrator, who by the parties' agreement, has exclusive authority to make such decisions. *See Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 530, 202 L. Ed. 2d 480 (2019) (a court may not decide an arbitrability question that the parties have delegated to an arbitrator); *Mohamed v. Uber Techs.*,

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CLAIMS FOR PLAINTIFF RICHARDSON, STANBACK, AND BRIDGEFORD- 11 (Case No. No. 2:23-cv-00798)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

*Inc.*, 848 F.3d 1201, 1209 (9th Cir. 2016) (language delegating to the arbitrator the authority to determine the validity or application of any of the provisions of the arbitration agreement constitutes an agreement to arbitrate threshold issues concerning the arbitration agreement); *Momot v. Mastro*, 652 F.3d 982, 988 (9th Cir. 2011); *In re Wyze Data Incident Litig.*, 2020 U.S. Dist. LEXIS 196488 at *9 (W.D. Wash., Oct. 22, 2020) (a court may not decide an arbitrability question that the parties have delegated to an arbitrator).

### IV.   CONCLUSION

The Agreement is valid and enforceable, and the claims of Plaintiffs Richardson, Stanback, and Bridgeford against CCSI fall directly within the scope of the Agreement. Given the strong federal public policy supporting enforcement of arbitration agreements, this Court should give effect to Plaintiffs' Agreement by compelling the claims of Plaintiffs Richardson, Stanback, and Bridgeford against Defendant to arbitration and staying all proceedings until the completion of the arbitration process.

DATED this 1st day of June, 2023.

Respectfully submitted,

JACKSON LEWIS P.C.

 /s/ Sherry L. Talton
Sherry L. Talton, WSBA # 42780
520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone:  206-405-0404
Facsimile:  206-405-4450
sherry.talton@jacksonlewis.com

Attorney for Defendant

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CLAIMS FOR PLAINTIFF RICHARDSON, STANBACK, AND BRIDGEFORD- 12
(Case No. No. 2:23-cv-00798)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JACKSON LEWIS P.C.

 /s/ Daniel P. Crowner
Daniel P. Crowner, WSBA #37136
520 Pike Street, Suite 2300
Seattle, WA 98101
Telephone: 206-405-0404
Facsimile: 206-405-4450
daniel.crowner@jacksonlewis.com

Attorney for Defendant

I certify that this memorandum contains 3,580 words, in compliance with the Local Civil Rules.

4887-2740-7463, v. 2

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CLAIMS FOR PLAINTIFF RICHARDSON, STANBACK, AND BRIDGEFORD- 13
(Case No. No. 2:23-cv-00798)

**Jackson Lewis P.C.**
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404

# DECLARATION OF SERVICE

The undersigned declares under penalty of perjury under the laws of the United States of America that a true and accurate copy of the document to which this declaration is affixed was sent to the following:

| | |
|---|---|
| Corey M. Kane, WSBA #49710<br>Lacy Kane & Kube, P.S.<br>300 Eastmont Avenue<br>East Wenatchee, WA 98802<br>Email: Corey@lacykane.com<br><br>Counsel for Plaintiff | ☒ via CM/ECF System<br>☒ via Electronic Mail<br>☐ via USPS Mail<br>☐ via Federal Express<br>☐ via Hand-delivery<br>☐ Other: _____ |

DATED this 1st day of June, 2023.

_____
Susan Grimes

4887-2740-7463, v. 2

DEFENDANT'S MOTION TO COMPEL ARBITRATION AND STAY CLAIMS FOR PLAINTIFF RICHARDSON, STANBACK, AND BRIDGEFORD- 14
(Case No. No. 2:23-cv-00798)

Jackson Lewis P.C.
520 Pike Street, Suite 2300
Seattle, Washington 98101
(206) 405-0404