UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| KIM MCGREGOR, et al.,<br><br>                Plaintiffs,<br><br>    v.<br><br>CC SERVICES, INC.,<br><br>                Defendant. | Case No. C23-0798-SKV<br><br>ORDER GRANTING MOTION TO COMPEL ARBITRATION |

## I.    INTRODUCTION

This matter comes before the Court on Defendant CC Services, Inc.'s Motion to Compel Arbitration. Dkt. 12. Plaintiffs do not oppose the Motion. The Court, having considered Defendant's submissions, the governing law, and the balance of the record, hereby GRANTS the Motion and stays Plaintiffs Richardson, Stanback, and Bridgeford's claims against Defendant pending the outcome of arbitration.

## II.    FACTUAL BACKGROUND

Defendant CC Services, Inc. provides a variety of insurance and financial products and services to customers across 19 states. Dkt. 6 ¶ 6; Dkt. 13 ¶ 2. Plaintiffs Janet Richardson, Shirley Stanback, and Maria Jennifer Bridgeford ("Plaintiffs") entered into agreements

("Agreements") with Defendant by which Plaintiffs agreed to sell insurance and other financial products and services for Defendant on an independent contractor basis in exchange for Defendant's agreement to compensate Plaintiffs in accordance with a commission schedule.[1] Dkt. 1-1 at ¶ 2.6; Dkt. 4 at 4–24.

The Agreements contained a dispute resolution provision ("Provision"), which provided:

> Except as specifically set forth below, the parties must arbitrate any and all disputes, claims, or controversies against each other arising out of or relating in any way to the relationship between the Agent and the Companies, this Agreement (and/or an agreement superseded by this Agreement), the termination of this Agreement, or any services provided or payments made in connection with this Agreement. This obligation to arbitrate applies to any and all claims of any types, whether arising under federal, state, or local law, including without limitation claims based on statute, regulation, ordinance, common law, or any other type of claim. This obligation is mutual, applying equally to the Agent and the Companies.

Dkt. 4 at 9, 16, 23.

The Provision also prohibited Plaintiffs from pursuing claims on a class or collective action basis, and explicitly left to the arbitrator, and not the courts, all questions concerning arbitrability, save a determination as to the enforceability of the class or collective action waiver:

> The arbitrator, and not any federal, state, or local court or agency, shall have exclusive authority to resolve any dispute relating to the interpretation, applicability, enforceability, or formation of the Agreement, including without limitation any claim that all or any part of the Agreement is void or voidable, except that any determination as to the enforceability of the class, collective, and representative action waiver shall be made solely by a court.

Dkt. 4 at 9, 16, 23.

Finally, the Provision mandated that arbitration "shall be held before a single arbitrator in accordance with the Commercial Arbitration Rules and Mediation Procedures of the American Arbitration Association ("AAA") . . . ." Dkt. 4 at 9, 16, 23.

---

[1] Plaintiff Kim McGregor did not enter into a similar Agreement with Defendant, and Defendant's Motion does not seek relief as to her claims. Dkt. 12 at 2 n.2.

1   On May 1, 2023, Plaintiffs McGregor, Stanback, Bridgeford, and Richardson filed a lawsuit against Defendant in King County Superior Court. *See* Dkt. 1 at 11–27. All four Plaintiffs bring claims for sex discrimination under the Washington Law Against Discrimination ("WLAD"), chapter 49.60 RCW. *See id.* at 21–22. Plaintiffs Stanback and Bridgeford also bring claims for race discrimination under WLAD. *Id.* On May 26, 2023, Defendant, citing diversity jurisdiction, removed the lawsuit to this Court. *See* Dkt. 1. Defendant now moves to compel Plaintiffs' claims against it to arbitration, alleging the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1 *et seq.*, requires the Court to order Plaintiffs to arbitrate their claims. *See* Dkt. 12.

III.   DISCUSSION

A.   Legal Standard

The FAA established a "liberal federal policy favoring arbitration . . . ." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011) (citation omitted). Creating "a body of federal substantive law of arbitrability," the FAA governs "any arbitration agreement within the coverage of the Act." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983). The FAA applies to any "written provision in . . . a contract evidencing a transaction involving commerce . . . ." 9 U.S.C. § 2. Pursuant to the FAA, arbitration agreements are "valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract . . . ." 9 U.S.C. § 2.

"Because the FAA mandates that 'district courts *shall* direct the parties to proceed to arbitration on issues as to which an arbitration agreement has been signed[,]' the FAA limits courts' involvement to 'determining (1) whether a valid agreement to arbitrate exists and, if it does, (2) whether the agreement encompasses the dispute at issue.'" *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008) (quoting *Chiron Corp. v. Ortho Diagnostic Sys., Inc.*,

207 F.3d 1126, 1130 (9th Cir. 2000) (emphasis in the original)). "If the response is affirmative on both counts, then the Act requires the court to enforce the arbitration agreement in accordance with its terms." *Chiron Corp.*, 207 F.3d at 1130. But where the parties have "clearly and unmistakably" delegated questions regarding arbitrability to the arbitrator, the Court need not reach the second inquiry. *Brennan v. Opus Bank*, 796 F.3d 1125, 1130 (9th Cir. 2015); *see also Rent-A-Ctr., W., Inc. v. Jackson*, 561 U.S. 63, 68–69 (2010) ("We have recognized that parties can agree to arbitrate 'gateway' questions of 'arbitrability,' such as whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy."). Under Ninth Circuit law, "incorporation of the AAA rules constitutes clear and unmistakable evidence that contracting parties agreed to arbitrate arbitrability." *Brennan*, 796 F.3d at 1130.

If an agreement exists, the FAA "leaves no place for the exercise of discretion by a district court, but instead mandates that district courts *shall* direct the parties to proceed to arbitration . . . ." *Dean Witter Reynolds, Inc. v. Byrd*, 470 U.S. 213, 213 (1985) (emphasis in original). Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth*, 473 U.S. 614, 626 (1985). The party resisting arbitration must prove that the claims are not subject to arbitration. *See Green Tree Fin. Corp. v. Randolph*, 531 U.S. 79, 91–92 (2000).

B.    Defendant's Motion to Compel Arbitration

Defendant contends Plaintiffs' claims fall squarely within the Agreements' Provision such that they must be compelled to arbitration. Dkt. 12 at 4–6. The Court agrees.

The parties do not dispute that the Agreements are valid. *See* Dkt. 1-1 ¶ 2.6 ("Plaintiffs worked for [Defendant] under contract, and [Defendant] designated Richardson, Stanback, and Bridgeford as Independent Contractors, in their most recent positions."); *see also* Dkt. 12 at 2–4.

And while the Agreements do not explicitly provide for arbitration governed by the FAA, they cover insurance and financial products and services sold by Plaintiffs on behalf of Defendant. *See* Dkt. 4 at 6, 13, 23. The Agreements therefore evidence transactions involving commerce such that they are covered by the FAA. *See Allied-Bruce Terminix Cos., Inc. v. Dobson*, 513 U.S. 265, 273–77 (1995) (providing that the FAA's phrase "involving commerce" must be interpreted broadly to include anything "affecting commerce").

Moreover, while it appears the Provision covers the particular controversy at issue here, the Court need not decide as much in order to compel Plaintiffs' claims to arbitration because the Provision explicitly delegates questions of arbitrability to the arbitrator and incorporates the AAA rules. Dkt. 4 at 9, 16, 23. Accordingly, any questions of arbitrability based on Plaintiffs' specific claims should be decided by the arbitrator.[2] *See Oracle Am., Inc. v. Myriad Group A.G.*, 724 F.3d 1069, 1074 (9th Cir. 2013) ("Virtually every circuit to have considered the issue has determined that incorporation of the [AAA] rules constitutes clear and unmistakable evidence that the parties agreed to arbitrate arbitrability."); *Henry Schein, Inc. v. Archer & White Sales, Inc.*, 139 S. Ct. 524, 529-30 (2019) ("[A] court may not decide an arbitrability question that the parties have delegated to an arbitrator.").

Thus, because the Agreements are covered by the FAA and the parties agreed to arbitrate, Plaintiffs must arbitrate their claims against Defendant.

C.   Stay of Action

Defendant asks the Court to stay Plaintiffs' claims in this Court pending the outcome of the arbitration. Dkt. 12 at 6–7. If the Court determines that a matter is subject to arbitration, it may either stay the matter pending arbitration or dismiss the matter. *See* 9 U.S.C. § 3;

---

[2] Furthermore, Plaintiffs do not contend that their claims are not within the scope of the Agreements' Provision.

ORDER GRANTING MOTION TO COMPEL
ARBITRATION - 5

*Johnmohammadi v. Bloomingdale's, Inc.*, 755 F.3d 1072, 1073–74 (9th Cir. 2014). The decision to stay litigation pending the outcome of arbitration is a decision "left to the district court . . . as a matter of its discretion to control its docket." *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21 n.23.

The Court concludes that a stay of Plaintiffs Richardson, Stanback, and Bridgeford's claims against Defendant pending arbitration is appropriate. However, the Court declines to stay Plaintiff McGregor's claims.

While "[i]n some cases, . . . it may be advisable to stay litigation among the non-arbitrating parties pending the outcome of the arbitration[,]" *Moses H. Cone Mem'l Hosp.*, 460 U.S. at 21 n.23, the Court sees no benefit to doing so here, nor does Defendant ask the Court to do so, *see* Dkt. 12 at 2 n.2. The complaint contains no allegations from which the Court can conclude that permitting the parties to litigate in separate forums would prejudice them by, for example, complicating the issues or creating a risk of inconsistent results. And while there may be common facts underlying the Plaintiffs' individual discrimination claims, the specific instances of discrimination alleged by each Plaintiff likely vary such that they are capable of separate resolution.

This action will therefore proceed as to Plaintiff McGregor's claims against Defendant while Plaintiffs Richardson, Stanback, and Bridgeford proceed to arbitration.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

IV. CONCLUSION

For the foregoing reasons, Defendant's Motion to Compel Arbitration, Dkt. 12, is GRANTED. Plaintiffs Richardson, Stanback, and Bridgeford are ordered to arbitrate their claims against Defendant, and their claims in this Court are stayed pending the outcome of the arbitration. Plaintiff McGregor's claims against Defendant will proceed in this Court.

Dated this 17th day of July, 2023.

*S. Kate Vaughan*

S. KATE VAUGHAN
United States Magistrate Judge